UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD BARTON, <br> JOANNA M. RIEDL, <br> NICHOLAS W. HAMILTON, <br> CARLA TOMLINSON, <br><br> Plaintiffs, <br><br> v. <br><br> STEVE GALELLA, D.D.S., <br> ORTHOMATRIX CORP., INC., <br> JOHN'S DENTAL LABORATORY, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 2:21-cv-00319-JRS-MG |

| | | |
|---|---|---|
| KARAN GILL, <br> HYE YOON, <br> CRYSTAL NASSOURI, <br><br> Plaintiffs, <br><br> v. <br><br> STEVE GALELLA, D.D.S., <br> ORTHOMATRIX CORP., INC. <br> JOHN'S DENTAL LABORATORY, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 2:21-cv-00338-JRS-MG |

| | | |
|---|---|---|
| STEPHANIE O'CONNOR,<br>ARI SILBERMAN,<br>AMANDA HAYS, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 2:21-cv-00374-JRS-MG |
| JOHN'S DENTAL LABORATORY, INC.,<br>STEVE GALELLA, D.D.S.,<br>ORTHOMATRIX CORP., INC. | )<br>)<br>)<br>) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| AKIKO SHOSHIDO,<br>ROBIN STROEBEL,<br>IRIS MATARO, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 2:21-cv-00438-JRS-MG |
| JOHN'S DENTAL LABORATORY, INC.,<br>STEVE GALELLA, D.D.S.,<br>ORTHOMATRIX CORP., INC. | )<br>)<br>)<br>) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MICHAEL HAILE,<br>MELANIE PAPPLARDI, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 2:22-cv-00083-JRS-MG |
| STEVE GALELLA, D.D.S.,<br>JOHN'S DENTAL LABORATORY, INC.<br>ORTHOMATRIX CORP., INC., | )<br>)<br>)<br>) | |
| Defendants. | | |

**ORDER**

This matter comes before the Court on Defendants' Motion for Stay. [Filing No. 113.] The instant lawsuit involves claims brought by 15 Plaintiffs who allege they sustained injuries as a resolute of the installation of a dental appliance known as the Anterior Growth Guided Appliance ("AGGA") into their mouths. [Filing No. 53.] Plaintiffs have named three defendants in their cases, who were purportedly involved in the manufacture and sale of AGGA and/or the dissemination of information relating to AGGA. The U.S. Attorney's Office for the Western District of Tennessee and/or the U.S. Department of Justice launched criminal investigations to determine whether criminal charges will be filed against Defendants OrthoMatrix Corp., Inc., Dr. Steve Galella, D.D.S., and John's Dental Laboratory, Inc. based upon the same factual allegations in Plaintiffs' Complaints. Accordingly, Defendants bring this motion to stay the instant civil action until these criminal proceedings have concluded.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55, 57 (1936). To exercise this power to stay proceedings, the Court must first weigh any competing interests. *Id.; see also Radio Corp. of Am. v. Igoe,* 217 F.2d 218, 220 (7th Cir. 1954) ("Benefit and hardship will be set off, one against the other, and upon an ascertainment of the balance the court will exercise a discretionary judgment in the exercise of its power"). District courts are afforded a wide latitude of discretion in deciding whether to stay proceedings, and their decisions will not be reversed save for an abuse thereof. *Northfield Ins. Co. v. City of Waukegan,* 701 F.3d 1124, 1133 (7th Cir. 2012).

When considering such a motion to stay, courts can weigh several factors, including but not limited to: (1) whether the civil and criminal proceedings involve the same subject matter; (2)

whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of [the parties] in proceeding expeditiously, and the potential prejudice that [the parties] may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on [the parties] if a stay is denied. *See U.S. ex rel. Chepurko v. E-Biofuels, LLC*, No. 1:14-CV-00377-TWP, 2014 WL 4216049, at *4-5 (S.D. Ind. Aug. 25, 2014). Additionally, the "strongest case" for staying civil proceedings in light of pending criminal matters, is "where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *ISec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376–77, n. 20 (D.C. Cir. 1980). Defendants argue that each of these factors weigh in favor of a stay. [Filing No. 114.]

Defendants' arguments, however, are unpersuasive on the present state of the record. First looking at factors one, three, and six, there is currently no pending criminal "action", but rather the Defendants are facing a criminal grand jury investigation that appears to be in its infancy.[1] At this time, because no criminal proceeding has been initiated, and may never be, Defendants are asking for a stay of an undetermined period of time. Under these circumstances, and in consideration of factor five, the prejudice to Plaintiffs is great. Judicial economy weighs in favor of denying a stay. The Court notes that the issues and facts of this case are well known to the parties, as this case has been pending since August 20, 2021. Judicial economy would benefit by bringing justice to this case sooner rather than later. Further, the stay of discovery granted on June 27, 2022, [Filing No. 83], has since been lifted, [Filing No. 89], and discovery should be steadily moving forward. With the second factor, the government has only initiated the criminal investigation, and is not a party

[1] During the status conference held on May 5, 2023 with the undersigned Magistrate Judge, Defendants represented that none had received target letters and only grand jury subpoenas.

to the present civil action, weighing in favor of denying Defendants' request. Lastly, regarding factor four, because there is no indictment or criminal proceeding, public interest in the integrity of a criminal case is not implicated.

Other districts have concurred, stating that court should not stay a civil case if no criminal charges have been filed. *See Sec. & Exch. Comm'n v. Blockvest, LLC,* No. 18CV2287-GPB(BLM), 2019 WL 1510912, at *4 (S.D. Cal. Apr. 5, 2019) (Denying Defendants' application for a stay of proceedings, noting various factors: (1) even if there was overlap between the civil case and criminal investigation, any Fifth Amendment right impacted would be minimal where Defendant has provided deposition testimony on substantive issues of the civil case; (2) because no indictment has been returned, it is not clear whether there is any overlap between the civil case and the criminal investigation; (3) because there is no indictment or criminal prosecution, judicial economy weighs against a stay as the court has an interest in clearing its docket; and (4) because there is no indictment or criminal proceeding, public interest in the integrity of a criminal case is not implicated, and an expeditious resolution of the civil case would benefit both third party and public interests.); *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 623, 636 (E.D. Pa. 2010) (The Court denied Defendants' request to stay discovery pending resolution of a parallel criminal investigation was inappropriate, noting that "Defendants' concerns regarding the Fifth Amendment, among other things, can be managed by the court on a case-by-case basis.").

Ultimately, the case for a stay is not strong here because there has been no indictment. The Court concludes that a stay of proceedings pending resolution of the parallel criminal investigation is inappropriate, and that Defendants' Motion for Stay should be **DENIED.**

## CONCLUSION

For the reasons stated above, Defendants' Motion for Stay, [113], is **DENIED** on the present state of the record.

Date: 5/12/2023

                                                                                              _/s/ Mario Garcia_
                                                                                              Mario Garcia
                                                                                              United States Magistrate Judge
                                                                                              Southern District of Indiana

**Distribution via ECF to all counsel of record.**